IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00304-CR

No. 10-06-00305-CR

No. 10-06-00306-CR

 

Ricky Scott Rice,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 272nd District Court

Brazos County, Texas

Trial Court Nos. 04-03335-CRM-272,
04-04173-CRF-272 

and 04-04174-CRF-272

 



MEMORANDUM  Opinion










 

          Ricky Rice appeals the denial of his
motion to disqualify the Brazos County District Attorney in each of his three
criminal cases.

          The Clerk of this Court warned Rice
that because it appeared to the Court that the orders from which the appeals
were taken were interlocutory, the Court may dismiss the appeals unless a
response was filed showing grounds for continuing the appeals.  See Tex. R. App. P. 44.3.  Rice has not
responded to the Clerk's warning.

 

          These appeals are dismissed.

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Appeals
dismissed 

Opinion
delivered and filed November 8, 2006

Do
not publish

[CR25]






ims the statement of facts does not accurately reflect what actually happened at trial, and
portions of the depositions which were read to the jury. Because resolution of State Farm's
complaints involves a fact question, we abate this appeal and remand the cause to the trial court
for a hearing. Tex. R. App. P. 55(a); see also Home Ins. Co. v. Hambric, 906 S.W.2d 956, 958
(Tex. App.—Waco 1995, no writ).
       The trial court shall, after notice to the parties, hold a hearing to settle the dispute and, if
necessary, make the statement of facts conform to what occurred in the trial court. Tex. R. App.
P. 55(a). The court shall make findings of fact and conclusions of law determining (1) if State
Farm requested the court reporter to record the proceedings, (2) specifically which proceedings
the court reporter was requested to record, (3) which proceedings and testimony were actually
recorded, (4) what became of the court reporter's notes from any omitted recorded proceedings,
and (5) specifically, what steps were taken by the trial court to ensure that our instructions in
Hambric were complied with in this case. See Hambric, 906 S.W.2d at 958-61. Additionally,
the court is directed to resolve any dispute between the parties as to the accuracy of the text of the
statement of facts previously transcribed, so that the transcription conforms to what occurred in
the trial court. Tex. R. App. P. 55(a). The court shall cause its findings and conclusions to be
certified and transmitted to this court as a supplemental record within thirty days of this order.
      If anything material to either party is omitted from the statement of facts, we may direct that
a supplemental record be certified and transmitted to us supplying such omitted matter. Id. 55(b). 
However, depending on the volume of corrections, if any, the court finds should be made to the
statement of facts, we may instead order amended volumes be filed to replace those volumes
already on file rather than accepting numerous supplemental corrections. Because State Farm's
motion to reverse and remand may change, depending upon the proceedings in the trial court as
a result of this order, we deny the motion currently pending before this court without prejudice
to refile after the hearing in the trial court.
                                                                               PER CURIAM
Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Motion to reverse denied, appeal abated
Order issued and filed August 21, 1996
Do not publish